IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MICHELLE EDWARDS
              *
     v.                      CIVIL NO. CCB-12-805
              *
COUNCIL 67, AFSCME              *

...o0o...

## **MEMORANDUM**

Plaintiff Michelle Edwards, a former contract employee of defendant Council 67, AFSCME, brought this suit alleging sexual harassment and retaliation in connection with her employment with Council 67 and her termination from that employment in October 2010. Council 67 denies the allegation of harassment and asserts that Ms. Edwards was terminated because the organizational campaign for which she had been working was completed. Discovery has been completed and Council 67's motion for summary judgment has been fully briefed. Because Ms. Edwards offers virtually no admissible evidence to support any of her claims, and the record does support Council 67's assertion of a legitimate non-pretextual reason for the termination of Ms. Edwards' employment, the motion will be granted.

Federal Rule of Civil Procedure 56(a) provides that summary judgment should be granted "if the movant shows that there is no *genuine* dispute as to any *material* fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a) (emphasis added). Whether a fact is material depends upon the substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986). Accordingly, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment." *Id.* "A

1

party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 522 (4th Cir. 2003) (alteration in original) (quoting Fed. R. Civ. P. 56(e)).  The court must view the evidence in the light most favorable to the nonmovant and draw all justifiable inferences in his favor.  *Scott v. Harris*, 550 U.S. 372, 378 (2007) (citation omitted); *see also Greater Baltimore Ctr. for Pregnancy Concerns, Inc. v. Mayor and City Council of Baltimore*, 721 F.3d 264, 283 (4th Cir. 2013) (citation omitted).  At the same time, the court must not yield its obligation "to prevent factually unsupported claims and defenses from proceeding to trial." *Bouchat*, 346 F.3d at 526 (citation and internal quotation marks omitted).

Ms. Edwards appears to allege "quid pro quo" sexual harassment by Glenard Middleton, the executive director of Council 67, in connection with "demotions" (although she also received several "promotions") and in connection with the termination of her employment; she also alleges that comments and actions by Mr. Middleton created a hostile work environment. Finally, she claims that she was fired in retaliation for filing a charge of harassment with the Equal Employment Opportunity Commission ("EEOC").

The facts in this case, as supported by deposition testimony and other admissible evidence, are thoroughly recited in Council 67's memoranda.  Ms. Edwards, unfortunately, supports her lawyer's memorandum with an unsworn "declaration," and very little else.  She has offered no facts that would connect any inappropriate behavior by Mr. Middleton to adverse employment actions such as demotions or termination.  Such proof is required to establish a "quid pro quo" claim.  *Pitter v. Cmty. Imaging Partners, Inc.*, 735 F. Supp. 2d 379, 390 (D. Md.

2

2010). Her position, and that of six other organizers, was terminated when Council 67 determined that sufficient progress had been made on its Home Care organizing project and that further expenditures for that work were not warranted. (Def's Mem., ECF No. 41-3, Ex. 1 at ¶¶ 26-27; *see also* ECF No. 41-17, Ex. 15; ECF No. 41-18, Ex. 16). Further, the few isolated comments she has alleged were made by Mr. Middleton between 2008 and 2010, assuming they were made, fall far short of the "severe and pervasive" conduct that might constitute a hostile work environment.[1] *See Pitter*, 735 F. Supp. 2d at 393.

Finally, Ms. Edwards alleges she was fired in retaliation for filing a charge of discrimination with the EEOC on September 8, 2010. That charge alleged (but no factual support has been offered) that her demotion from lead organizer to organizer on September 8, 2010, was caused by her rejection of Mr. Middleton's unwelcome advances. On October 10, 2010, Ms. Edwards' position was ended. While the temporal proximity of the September complaint and the October termination would be sufficient to suggest a causal nexus, it is undisputed that the EEOC charge was served, incorrectly, on the International Union and not made known to Council 67 until January 2011 (*See* ECF No. 41-25, Ex. 23). Therefore Ms. Edwards cannot establish a prima facie claim of retaliation. *Pitter*, 735 F. Supp. 2d at 395.

In short, despite ample time for discovery and an extension of time to file her opposition, Ms. Edwards fails to offer any evidence sufficient to warrant a jury trial on any of her claims.

---

1 In her deposition testimony Ms. Edwards admitted that Mr. Middleton never touched her, except on the shoulder;

The defendant's motion will be granted by separate Order which follows.

September 26, 2013                                         /s/
        Date                                       Catherine C. Blake
                                                   United States District Judge

---

never asked for or referred to sexual acts in her presence; never made derogatory remarks about her or told off-color jokes. (ECF No. 41-12, Ex. 10 at 140-44.)

4